**07 CV 11445**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
OTTAVIO LAVAGGI, Individually And On
Behalf Of All Others Similarly Situated,

                      Plaintiff,

    v.

REPUBLIC OF ARGENTINA,

                      Defendant.
------------------------------------------------------------x

COMPLAINT



Plaintiff, by his attorneys, upon knowledge as to his own acts and upon information and belief as to all other matters, for his Class Action Complaint against the Republic of Argentina ("Republic" or "Argentina"), alleges as follows:

## I. NATURE OF THE CASE

1. This is a class action brought on behalf of persons who own beneficial interests in the Republic of Argentina bond series identified below from the date of class certification until the date of final judgment in the district court.

2. In each of these bond offerings the Republic of Argentina ("Republic" or "Argentina") promised in clear, unequivocal language that it would pay principal and interest when due.

3. Thousands of investors purchased these bonds or bonds like these expecting to receive interest payments and payment on principal when due. Approximately $88 billion of bonds are outstanding, including the bonds that the bond series identified below.

4. On or about December 23, 2001, Argentina declared a moratorium on the payment of all principal and interest with respect to its foreign debt, including but not limited to all payments due under any of the Bonds, and was in default.

5. Since then, Argentina has made no payments of principal or interest to any such bondholders and has refused to do so.

001783-11 214436 V1

6.  Both the moratorium and the failure to pay interest when due constitute events of default under the terms of the prospectus issued in connection with each series of bonds.

7.  By reason of the foregoing, Plaintiff, on behalf of himself and all other bondholders similarly situated, asserts claims against the Republic as set forth below.

## II.   JURISDICTION AND VENUE

8.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1330 and 1367.

9.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(f) and pursuant to certain of the agreements forming the Bond Documents. Personal jurisdiction over the Republic is conferred pursuant to the Bond Documents. Furthermore, the Republic satisfies the minimum contacts test for jurisdiction under the Due Process Clause of the Fifth Amendment because bonds denominated in various currencies are traded in New York and "Argentina 'purposefully avail[ed] itself of the privilege of conducting activities within the [United States].'" *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 619 (1992).

10.  The Republic has appointed Banco de la Nación Argentina, 225 Park Avenue, New York, NY 10169, as its agent for service of process and has agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

## III.   THE PARTIES

11.  Plaintiff Ottavio Lavaggi currently owns bonds or beneficial interests in bonds issued by the Republic of Argentina on which the Republic of Argentina has failed to pay interest, and has been damaged thereby. Mr. Lavaggi purchased those bonds or beneficial interests in those bonds prior to the filing of the complaint in this action.

12.  Defendant Republic of Argentina is a foreign state as defined in 28 U.S.C. § 1603(a).

## IV.   CLASS ACTION ALLEGATIONS

13.  This action is brought as a class action, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. The Class is defined as follows:

All persons who own beneficial interests in the Republic of Argentina bond series identified below from the date of class certification until the date of final judgment in the district court.

| CCY | Bond | ISIN | Maturity Date | Last Cpn Before default | Cpn rate p.a. |
|---|---|---|---|---|---|
| USD REP19 | | US040114BC38 | 25-Feb-19 | 28-Aug-01 | 12.1250% |
| JPY JPY | 3.5% Nov 09 | XS0100354066 | 8-Nov-09 | 26-Sep-01 | 3.50% |
| GBP GBP | 10% Jun 07 | XS0077243730 | 25-Jun-07 | 25-Jun-01 | 10.0000% |

14. This action is properly brought as a class action for the following reasons:

   a. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to plaintiff at the present time, plaintiff believes that the Class consists of thousands of investors or more. As of December 23, 2001, the Republic had issued approximately $88 billion of debt, including the debt as evidenced by the bond series identified above.

   b. Plaintiff's claims are typical of the claims of all members of the Class because he and all of the Class members sustained damages that arise out of the Republic's default under the Bond agreements.

   c. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in class action litigation. Plaintiff has no interests antagonistic to those of the Class. Plaintiff is a sophisticated business-person, with substantial negotiation and complex organizational experience. Members of the Class may be identified from records maintained by the Republic, brokerage and transfer agents and may be notified of the pendency of this action by mail and through the media, if required.

   d. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, because joinder of all members of the Class is impracticable. Plaintiff knows of no difficulty in the management of this action that would preclude its maintenance as a class action.

   e. Questions of law and fact common to the members of the Class predominate over any questions that may affect only individual members, because the actions of

- 3 -

the Republic were generally applicable to and similarly affected the members of the Class. Among the questions of fact and law involved herein that are common to the Class are:

(1) Whether the declaration by the Republic, on or about December 23, 2001, constituted an "event of default" within the meaning of the Bond agreements;

(2) Whether the members of the Class sustained damages and, if so, the appropriate measure thereof.

## V. STATEMENT OF FACTS

15. In the early 1990s, Argentina captured the attention of international investors by pegging its peso to the dollar in order to capture chronic inflation. That move, part of a larger economic program that included privatizing state-owned industries, helped revive the country's economy. For a while, the Argentine economy grew even faster than China's and foreign capital poured into the country.

16. But around 1998, as Argentina's efforts to control spending failed and economic growth began to slow, the Argentine government and investment bankers sought out retail investors to meet the Republic's financing needs.

17. Those retail investors included hundreds of thousands of small investors concentrated in the United States, Italy, Switzerland and Germany. In marketing these bonds, Argentina capitalized on a preference of such investors for fixed income investments over stock. Roughly 9.1% of the bonds are held by U.S. citizens, 15% by Italian citizens, 10% by Swiss citizens and 5% by German citizens.

18. From the period of 1998 to 2001, approximately $88 billion in bonds guaranteed by the Republic of Argentina were issued, including the bonds identified above which were issued to members of the proposed Class.

19. Each of the bond offerings contains the following promise:

> The Bonds will bear interest ... and will mature at par on ....
> Interest on the Bonds will be payable semi-annually, in equal
> installments ... each year, commencing ....

20. Although the aggregate amount and date of the commencement may have differed between various bond offerings, the promise to pay interest semi-annually appeared in every offering.

21. Each series contained the promise repeated throughout that "Principal and interest on the Bonds are payable by Argentina ...."

22. In many instances, on the face page of a supplemental prospectus, Argentina represented that "[t]he Republic of Argentina will pay interest on the Bonds ...."

23. In each prospectus, Argentina promised to make payments on the debt securities.

24. The bond prospectus for each of the series typically defines an event of default to include "Non Payment" or a "moratorium" on the payment of the principal or of interest.

25. On December 23, 2001, in breach of its promise to pay principal and interest, Argentina declared a default. Since then Argentina has refused to pay and instead has tried to force bondholders to take a paltry amount in settlement.

26. Plaintiff and hundreds of thousands of other bondholders held these bonds on December 23, 2001 and/or after, and have been injured by Argentina's default.

## VI.  CLAIM FOR RELIEF: BREACH OF CONTRACT

27. Pursuant to various Prospectuses, Fiscal Agency Agreements and other documents setting forth the terms and conditions of various bonds (collectively, the "Bond Documents"), the Republic issued tens of billions of dollars worth of bonds to the members of the Class.

28. Each of the bonds was issued pursuant to various agreements, including, in the case of bonds governed by New York law, certain Fiscal Agency Agreements. Pursuant to the Bond Documents of each of the Bonds forming the basis for this action, the failure to pay

principal and/or interest when due and payable constitutes an Event of Default, as does the declaration of a moratorium on the payment of principal or interest by the Republic of Argentina.

29. On or about December 23, 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt. Following that declaration, the Republic has failed to make any payment of principal or interest to any bondholders.

30. On or about April 25, 2002, the Republic issued a resolution officially postponing payment of debt to investors.

31. By reason of the foregoing, there have been events of default as defined by the Bond Documents.

32. By reason of the foregoing, the Republic has breached its contractual obligations to plaintiff and the Class, and the Republic is liable to plaintiff and the Class for damages in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff demands judgment as follows:

A. An order certifying the Class as set forth herein and designating plaintiff as the Class representative and his counsel as Class counsel;

B. A judgment awarding plaintiff and the other members of the Class compensation for the damages that they have sustained as a result of the breaches of the Bond agreements;

C. A judgment awarding plaintiff's reasonable attorneys' fees, expert fees, interest and cost of suit; and

D. Such other and further relief as this Court may deem just.

DATED: December 20, 2007.
New York, New York

        MEREDITH COHEN GREENFOGEL &
        SKIRNICK, P.C.

By _/s/ Robert A. Skirnick_
    Robert A. Skirnick (RS 2636)
One Liberty Plaza, 35th Floor
New York, NY 10006
Telephone: (212) 240-0020

HAGENS BERMAN SOBOL SHAPIRO LLP
Steve W. Berman (SB 0834)
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292

Attorneys for Plaintiff